UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 02-10006-JDT |
| | ) | |
| GEORGE P. WATKINS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER TRANSFERRING "MOTION FOR RELIEF" AS SECOND OR
SUCCESSIVE § 2255 MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)

On May 2, 2018, Defendant George P. Watkins, Jr., filed a *pro se* motion in this closed criminal case titled "Motion for Relief Pursuant to Recent U.S. Supreme Court Decision." (ECF No. 122.) He seeks relief from his sentence based on the decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

This Court granted Watkins's initial motion pursuant to 28 U.S.C. § 2255 because trial counsel failed to take the necessary steps to perfect a direct appeal. *Watkins v. United States*, No. 03-1135-JDT-sta (W.D. Tenn. Aug. 3, 2004). The criminal judgment was re-entered to allow an appeal, and the Sixth Circuit affirmed Watkins's conviction but remanded the case for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Watkins*, No. 04-6005 (6th Cir. Sept. 26, 2005). On direct appeal after his

re-sentencing, Watkins's sentence was affirmed. *United States v. Watkins*, No. 06-5741 (6th Cir. May 24, 2007), *cert. denied*, 552 U.S. 983 (2007).

Watkins filed another timely § 2255 motion on September 22, 2008, contending that trial counsel provided ineffective assistance by failing to challenge the use of his prior convictions to enhance his sentence under the career offender Sentencing Guideline, § 4B1.1. This Court denied the § 2255 motion, *Watkins v. United States*, No. 08-1225-JDT-egb (W.D. Tenn. July 25, 2011), and Watkins did not appeal.

On August 26, 2009, Watkins filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to a modification of his sentence pursuant to Amendment 599 to the Sentencing Guidelines. (ECF No. 106.) The Court also denied that motion on November 17, 2009, (ECF No. 107), and the denial was affirmed on appeal. *United States v. Watkins*, No. 09-6463 (6th Cir. Apr. 5, 2011).

Although Watkins did not specifically file his current motion under 28 U.S.C. § 2255, that is the only avenue available for the relief he seeks. Therefore, the Court construes the document as an attempt to file a second or successive § 2255 motion. Although it does not appear that Watkins would be entitled to relief under *Johnson* and *Dimaya*, this Court cannot consider a successive § 2255 motion absent authorization by the Court of Appeals. Therefore, Watkin's motion is hereby TRANSFERRED to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE